## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

In re:

Edwin R. Rittenbaugh,
    Debtor.


Federal Home Loan Mortgage Corporation,
as Trustee for the benefit of the Freddie
Mac Seasoned Loans Structured
Transaction Trust, Series 2020-1,
    Movant,
           v.

Edwin R. Rittenbaugh,
    Debtor/Respondent,

KENNETH E. WEST,
    Trustee/Additional Respondent,

_____

CASE NO.: 26-11566-pmm
CHAPTER 13


Hearing Date: July 8, 2026
Hearing Time: 1:00 P.M.
Hearing Location: 900 Market Street
Second Floor, Courtroom #3
Philadelphia, PA 19107


## MOTION FOR PROSPECTIVE IN-REM RELIEF FROM AUTOMATIC STAY FOR A PERIOD OF TWO YEARS


Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2020-1 ("Movant" or "Secured Creditor") by and through the undersigned counsel, hereby moves this Court for relief from the automatic stay and for prospective *In Rem* relief as applied to the real property at issue pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4) of the United States Bankruptcy Code ("Code") and in support thereof, avers the following:

1. Edwin R. Rittenbaugh ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on April 15, 2026.

2. Secured Creditor holds a security interest in the Debtor's real property located at **1891 KIMBERTON RD, PHOENIXVILLE, PA 19460** (hereinafter "Property").

3. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. **§** 1334, 11 U.S.C. **§** 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

4. Movant hereby waives the requirements of 11 U.S.C. § 362(e) and avers that the automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

## MORTGAGE BACKGROUND AND PROCEDURAL HISTORY

5. On June 1, 2007 Edwin Rittenbaugh executed and delivered an Adjustable-Rate Note ("Note") in the amount of $348,000.00 in favor of Countrywide Bank, FSB.  A true and correct copy of the Note is attached hereto as Exhibit "A".

6. On June 1, 2007, Debtor also executed and delivered a Mortgage ("Mortgage") securing payment of the Note in favor of Countrywide Bank, FSB.

7. The Mortgage was recorded on June 27, 2007 as Document ID #10766269 of the Public Records of Chester County, Pennsylvania.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

8. The Mortgage was secured as a lien against the real property located in Chester County commonly known as 1891 Kimberton Rd., Phoenixville, Pennsylvania 19460.

9. The parties further entered into a Loan Modification ("Agreement") on July 21, 2014, creating a new principal balance of $370,379.76.  A true and correct copy of the Agreement is attached hereto as Exhibit "C".

10. The loan was last assigned to Federal Home Loan Mortgage Corporation, as Trustee for the

benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2020-1 and same recorded with the Chester County Recorder of Deeds on July 19, 2021, as Instrument Number 11851512.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

## DEFAULT AND FORECLOSURE

11. The terms and conditions of the Note and Mortgage are in default as a result of  the failure of Debtor ("Borrower") make required monthly mortgage payments for the period January 1, 2021 through April 1, 2026, and all payments due thereafter.  A summary of the aforementioned outstanding payments as of April 29, 2026 is attached hereto as Exhibit "E".

## BANKRUPTCY HISTORY

12. The instant case is the fourth (4th) bankruptcy case commenced by the Debtor, all cases having been filed in this District.  These cases all have involved the Property in some manner that triggered the automatic stay under U.S. Bankruptcy Code Section 362.

13. The case filing history of the Debtor is below:

   a. Bankr. #23-12425-pmm, Chapter 13 filed August 14, 2023 and dismissed May 7, 2024 for failure to make plan payments.

   b. Bankr. #24-13316-pmm Chapter 13 filed September 18, 2024 and dismissed February 6, 2025 for failure to make plan payments.   Relief granted to Secured Creditor February 3, 2025.  *see* Docket Entry No. 28

   c. Bankr. #25-12428-pmm, Chapter 13 filed June 17, 2025 and dismissed December 3, 2025 for failure to make plan payments.

   d. Bankr. #26-11566-pmm, Chapter 13 is the instant case filed as an Emergency Petition April 15, 2026.   Debtor requested and received an extension of time to

file the balance of Statements, Schedules and related documents that is pending

for May 11, 2026.

e.  The dockets of the prior bankruptcy cases of Debtor filed within the past four

years are attached hereto as Exhibit "F".

**REQUEST FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

14. Secured Creditor requests prospective *In Rem* relief from the automatic stay pursuant to

362(d)(1) of the Bankruptcy Code for a period of at least two (2) years so that no stay can

be imposed as to the Property by any future bankruptcy filing by any person or entity.

Secured Creditor submits that the aforementioned described bad faith shown by the

Debtor were done solely for the purpose of using the bankruptcy stay provisions to delay

the foreclosure sale of the Subject Property and constitute grounds for prospective in rem

relief.

15. Movant submits that it is entitled to prospective relief from the automatic stay for cause,

*to wit*, the lengthy history of bankruptcy filings that includes the instant bankruptcy

petition that collectively evidence a lack of good faith.  *see In re Waldron,* 785 F.2d 936,

941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a

questionable purpose, it is incumbent upon the bankruptcy courts to examine and question

the Debtor's motives").

16. The Bankruptcy Code does not define good faith nor is there an explicit requirement that

petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic

stay and dismissed cases as bad faith filings.  The inference that good faith is required in

order for Debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Code upholds the integrity of the bankruptcy courts:

> "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands.""

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *see also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

17. Thus, a debtor has a duty to act without an intent merely to delay or hinder his creditors both in the filing of the case and the filing of the plan of reorganization ("Plan").

18. The Circuit Courts have collectively embraced a "totality of the circumstances" approach to analyzing good faith that involves consideration of a number of factors related to the contents of a Debtor's plan <u>as well as conduct of the Debtor</u> (emphasis added), as evidenced by its following of the Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

19. Movant respectfully suggests that Debtor's actions are indicative of the intention to delay and hinder Secured Creditor without benefit. These actions are in contravention of the Bankruptcy Code's good faith provision, which serves to prevent the bankruptcy forum from becoming a revolving door for Debtors whom, without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

20. As of the time of this Motion, the Debtor's Chapter 13 Plan has not been filed. As a result, the intentions of the Debtor regarding the Property remain unclear, such as abandonment, retention and/or loss mitigation.

21. Upon information and belief, the Property has not yet been listed for sale (at the time of preparation of this motion) and more importantly, Debtor has not entered into a contract for the sale of the Property.

22. Therefore, based upon the serial filings of Debtor, absence of an activity leading to the sale of the Property or return of the Note to a performing loan, Secured Creditor respectfully requests that this Court grant it prospective *In Rem* Relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code for cause, namely the lack of adequate protection to Secured Creditor for its interest in the aforementioned Property. Further, the value of the Property is insufficient in and of itself to provide adequate protection that the Bankruptcy Code requires be provided to the Secured Creditor. In addition, Secured Creditor seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, on the grounds that the Property is unnecessary to an effective reorganization of the Debtor's assets.

23. Once the automatic stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the Property; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

24. In addition, Secured Creditor has incurred court costs and attorney fees in this proceeding and will incur additional fees, costs and expenses to foreclose the mortgage, preserve and protect the Property, all of these additional sums being secured by the lien of the Mortgage. Secured Creditor also seeks an award of reasonable attorney fees and costs, or alternatively,

leave to seek recovery of its reasonable attorney fees and costs that may be deemed recoverable in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(4) and 1301(c), granting relief from the automatic stay and termination of the co-debtor stay (if applicable) in the instant bankruptcy case and prospective relief from the automatic stay in any future bankruptcy case regarding the Property for a period of two (2) years from the date of entry of the Order to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the Property described herein, gain possession of said Property, waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(4), seek recovery of reasonable attorney fees and costs incurred in prosecution of this action and to any such further relief as this Honorable Court deems just and appropriate.

Date: 06/05/2026

**Robertson, Anschutz, Schneid, Crane**
**& Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Sherri R. Dicks
SHERRI R. DICKS
PA Bar Number 90600
sdicks@raslg.com